**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| GREAT NEW HAMPSHIRE RESTAURANTS, INC.,<br>Plaintiff,<br>v.<br>GRUBHUB, INC.,<br>Defendant. | **Case No.** |

## COMPLAINT

The plaintiff Great New Hampshire Restaurants, LLC ("Plaintiff" or "GNHR"), by its undersigned attorneys Rath, Young, and Pignatelli P.C., for its complaint against the defendant GrubHub, Inc. ("GrubHub" or "Defendant") alleges as follows:

## NATURE OF CASE

1. This is an action of willful trademark infringement, unfair competition, injury to business reputation, and false and deceptive business practices, all in violation of the laws of the United States and the state of New Hampshire. Plaintiff seeks a permanent injunction, damages, including the profits of GrubHub, trebled under the law, punitive damages, and related relief as more fully described herein.

## THE PARTIES

2. Plaintiff is a limited liability company operating under the laws of New Hampshire having its principal place of 12 Aspen Lane, Bedford, New Hampshire 03031.

3. Upon information and belief, GrubHub is a California company with a principle place of business at 111 W. Washington Street, Suite 2100, Chicago, Illinois 60602.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b). This Court has subject matter jurisdiction over the non-federal claims asserted herein pursuant to section 1367 of the Judicial Code, 28 U.S.C. § 1367(a), which provides supplemental jurisdiction.

5. Personal jurisdiction over GrubHub is proper because GrubHub is conducting business in this judicial district and committing torts in this state, including without limitation GrubHub's trademark infringement, unfair competition, and deceptive trade practices, which cause harm in this state and in this judicial district.

6. Venue properly lies in the judicial district under sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (d), because a substantial portion of the events at issue have arisen and/or will arise in this judicial district and because this Court has personal jurisdiction over GrubHub. In a trademark infringement lawsuit, a substantial part of the events giving rise to the claim occurs in any district in which consumers are likely to be confused by the infringing goods cr services, whether that occurs in one district or many districts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business and Trademarks

7. GNHR operates a number of popular restaurants in New Hampshire under the following trademarks: COPPER DOOR®, CHEF NICOLE'S® (the "Registered GNHR Marks"), CJ'S™, T-BONES™, and CACTUS JACK'S™ (the "Unregistered GNHR Marks" and together with the Registered GNHR Marks, collectively, the "GNHR Marks").

8. GNHR has been using the GNHR Marks continuously for many years in

connection with restaurant services and has invested considerable time, money and other resources in connection with the sale and advertising of its restaurant services in connection with the GNHR Marks.

9. The GNHR Marks each serve as unique signifiers of the quality, reputation and goodwill of GNHR in the marketplace.

10. Plaintiff uses its GNHR Marks by displaying them on menus, signage, promotional materials, advertising materials, and websites.

11. Over the years, Plaintiff has invested millions of dollars in the promotion and advertising of products and services sold under the GNHR Marks in New Hampshire and its surrounding states to create a strong association between Plaintiff's products and services and the GNHR Marks.

12. The care and skill exercised by Plaintiff in conducting its business has resulted in the high quality of the products and services offered under its GNHR Marks.

13. As a result of the extensive advertising, sale and promotion of Plaintiff's products and services, its GNHR Marks have acquired secondary meaning throughout the area whereby the GNHR Marks are widely recognized by the general consuming public in New Hampshire and its surrounding states as a signifying Plaintiff as the unique source of the goods and services sold in connection with the GNHR Marks.

14. The GNHR Marks are strong and warrant broad protection in both related and unrelated product and/or service classes.

**B. GrubHub's Infringing Conduct**

15. Upon information and belief, GrubHub is a food delivery business that promises its customers fast delivery from restaurants located throughout New Hampshire and surrounding states, including GNHR restaurants.

16. GNHR is in no way affiliated with GrubHub but, upon information and belief, GrubHub causes customers to falsely believe that GrubHub has a relationship with GNHR because certain GNHR menus and Marks appear on GrubHub's website and app, most recently COPPER DOOR and T-BONES menus and Marks but, upon information and belief, other GNHR Marks as well.

17. GrubHub implies that restaurants listed on its website are "partner restaurants" by stating "Partner with us" with a "For Restaurants" link provided below. Upon information and belief, consumers assume that restaurants available on the GrubHub website or app are "partner restaurants."

18. Upon information and belief, GNHR customers see GNHR Marks and menus at the GrubHub website or app that they want to order and they then provide a debit or credit card to GrubHub for payment of GNHR goods and services.

19. Upon information and belief, customers pay GrubHub directly for certain GNHR products and services whereupon GrubHub then orders those products and services from GNHR and pays GNHR when its delivery drivers pick up the food for delivery to GNHR customers. However, the GNHR menus provided by GrugHub to not always match the menus in use by GNHR.

20. GrubHub's use of GNHR Marks has and is likely to continue to confuse and mislead consumers into believing that GrubHub's services are sponsored by, licensed from or

otherwise affiliated with GNHR and GrubHub's products and services adhere to the high standards expected from GNHR.

21. Upon information and belief, GrubHub's products and services do not adhere to the high standards expected of GNHR products and services.

22. Upon information and belief, GrubHub's delivery personnel do not use vehicles designed for the transportation of cooked food, putting GNHR at risk for claims by customers relating to the quality of its food products.

23. GNHR cannot control how GrubHub cares for its food products during the delivery process by GrubHub. GNHR has no control over GrubHub, including the time and manner its deliveries or whether GrubHub regularly complies with the applicable health and sanitary codes.

24. GrubHub places GNHR at risk for customer complaints, which would substantially damage GNHR's business reputation, and would result in irreparable damages and financial loss.

25. Indeed, staff at GNHR's CJ'S™ restaurant and its T-BONES™ restaurant received customer complaints regarding GrubHub services under the mistaken belief that GNHR is responsible for the poor service provided by GrubHub.

26. Accordingly, GNHR has on more than one occasion asked GrubHub to remove GNHR restaurants from GrubHub's offerings.

27. While representatives at GrubHub represented that GrubHub would cease advertising on its website that it delivered from GNHR restaurants, GNHR later found continued use of certain GNHR Marks on GrubHub's website, namely T-BONES™ and COPPER DOOR®.

28. Upon information and belief, GrubHub's use of these GNHR Marks is intentionally and willfully meant to confuse and mislead consumers as to GrubHub's affiliation with GNHR restaurants.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(violation of 15 U.S.C. §1114)**

29. GNHR incorporates the above paragraphs of the complaint as if separately set forth herein.

30. The Registered GNHR Marks, including the registered COPPER DOOR® mark, are registered with the United States Patent and Trademark Office and are valid and enforceable trademarks exclusively owned and continuously used by GNHR.

31. Long after GNHR's first use of the Registered GNHR Marks, including the registered COPPER DOOR® mark, GrubHub began use of the Registered GNHR Marks, including its current use of the registered COPPER DOOR® mark, in connection with the advertising and promotion of GrubHub's restaurant services.

32. GNHR did not authorize GrubHub to use the Registered GNHR Marks, including the registered COPPER DOOR® Mark, in connection with the advertising and promotion of GrubHub's restaurant services.

33. Upon information and belief, GrubHub's unauthorized use of the Registered GNHR Marks, including its current use of the registered COPPER DOOR® mark, will likely cause confusion, mistake, or deception in the relevant consumer market unless GrubHub is permanently enjoined.

34. Upon information and belief, GrubHub's unauthorized use of the Registered GNHR Marks, including its current use of the COPPER DOOR® mark, constitutes trademark

infringement is in violation of 15 U.S.C. §§1114 and 1117.

35. GrubHub has willfully infringed the Registered GNHR Marks and is willfully infringing the COPPER DOOR® mark in connection with restaurant services business and has and is doing so in bad faith.

36. GrubHub's infringing acts have caused and will continue to cause GNHR to suffer irreparable injuries to its reputation and goodwill. Plaintiff does not have an adequate remedy at law to recover for this harm and is therefore entitled to injunctive relief.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(violation of 15 U.S.C. §1125(a))**

37. GNHR incorporates the above paragraphs of the complaint as if separately set forth herein.

38. Upon information and belief, GrubHub's unauthorized use of the Unregistered GNHR Marks, including the T-BONES™ and CJ'S™ marks, in connection with its food delivery services constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the affiliation, connection or association of GNHR with GrubHub, the origin, sponsorship or approval of GrubHub's use of the Unregistered GNHR Marks, including its current use of the T-BONES™ and CJ'S™ marks, and the nature, characteristics, or qualities of services offered by GrubHub.

39. GrubHub's conduct as alleged herein constitutes unfair competition and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. GrubHub's violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) is

willful and done in bad faith.

41. GNHR has no adequate remedy at law. If GrubHub is not enjoined from further use of the Unregistered GNHR Marks, including the T-BONES™ and CJ'S™ marks, GNHR will suffer substantial and irreparable injury to its business reputation and the goodwill associated with the T-BONES™ and CJ'S™ marks.

**COUNT III**
**DECEPTIVE TRADE PRACTICES**
**(violation of RSA 358-A)**

42. GNHR incorporates the above paragraphs of the complaint as if separately set forth herein.

43. GrubHub's actions in passing off their services for GNHR's services through the use of deception constitutes an unfair and deceptive trade practice as defined in RSA 358-A:2, I-III, V.

44. GrubHub's actions intentionally misinforms consumers in the New Hampshire marketplace.

45. Such actions are, in addition, sufficiently rascalous to constitute unfair and deceptive acts, notwithstanding the categories in RSA 358-A:2.

46. GrubHub's deceptive actions are willful and knowing.

47. Pursuant to RSA 358-A:10, GNHR is entitled to injunctive relief and to the amount of actual damages. GrubHub's actions under this statute were willful allowing for the Plaintiff to receive up to 3 times, but not less than 2 times, the amount of actual damages and recovery of costs and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for the following relief.

A. For judgment that:

1. GrubHub has engaged in infringement in violation of 15 U.S.C. 1114;
2. GrubHub has engaged in unfair competition in violation of 15 U.S.C. 1125(a); and
3. GrubHub has engaged in deception trade practices in violation of RSA 358-A.

B. For a permanent injunction enjoining GrubHub, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in active concert or participation with it who receive actual notice of the Court's order by personal service or otherwise, from:

1. Using the GNHR Marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the GNHR Marks in or as part of a design, logo, domain name, or trademark; using any such mark in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, or distribution of any business, product, or service; and from using any such mark on or as feature of any product;
2. Passing off, inducing, or enabling others to pass off, sell, offer, distribute, disseminate, or otherwise provide any product that bears the GNHR Marks, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation thereof; and

3. Otherwise competing unfairly with GNHR in any manner.

C. For an order that: 1) Defendant account for and pay over to GNHR the amount of any profits realized by GrubHub by reason of Defendant's unlawful and willful acts as alleged herein; 2) GNHR be awarded actual damages suffered by reason of GrubHub's unlawful and willful acts as alleged herein, including profits realized by GrubHub, to be increased by a sum equal to three times the amount thereof as provided by law; 3) GNHR be awarded interest, including prejudgment interest, on all damages sums; 4) GNHR be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118; and GNHR be awarded actual and punitive damages as provided for under applicable federal and state law.

D. For an order directing, the destruction of all packaging and any printed material, including advertising materials and point-of-sale displays, bearing the GNHR Marks in Defendant's possession or control; and publicly acknowledging the wrongful activities alleged herein.

E. For an order directing GrubHub to file with the Court and serve upon GNHR within thirty (30) days after service of the injunction upon GrubHub, a report in writing and under oath setting forth in detail the manner and form in which GrubHub has complied with the injunction.

F. For such other and further relief as the Court shall deem appropriate.

**JURY DEMAND**

GNHR hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 24, 2020

Respectfully submitted,

By: */s/ R. Terry Parker*
RATH, YOUNG AND PIGNATELLI P.C.
R. Terry Parker, Esq.
One Capital Plaza
Concord, New Hampshire
Tel.: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Great New Hampshire Restaurants, Inc.*